UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TRUSTEES OF THE OPERATING ENGINEERS PENSION TRUST, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>ALLEN DRILLING, INC., et al.,<br><br>Defendants. | 2:11-CV-779 JCM (LRL) |

**ORDER**

Presently before the court is plaintiffs Trustees of the Operating Engineers Pension Trust, et. al.'s motion for default judgment. (Doc. #55). Defendants Allen Drilling, Inc., et. al. failed to file an opposition. Plaintiffs then filed a notice of non-opposition. (Doc. #64).

Pursuant to motions by plaintiffs, the clerk entered default against defendants All Trades Concrete Construction, Inc., Badger Construction, Carrasco Concrete, Inc., Cook Brothers Concrete, LLC, Intellecom Communications, Inc., Olsen & Leonard Construction, Inc., Sonora Sun Corporation, and Stampco Concrete, Inc. on July 19, 2011 (doc. #31); defendant SJA, Inc. d/b/a Anderson Drilling on September 15, 2011 (doc. #49); defendants Hofsommer Excavating, Inc. and M S Concrete on September 16, 2011 (doc. #52); and defendant Stone Age Concrete LLC on September 26, 2011 (doc. #54).

Plaintiffs' claims arise from defendants' statutory obligations to pay for indebtedness for labor under Nevada Revised Statutes Section 608.150. Defendants were all original contractors

**James C. Mahan**
**U.S. District Judge**

1  for Jen Holdings, Inc. d/b/a Mike Quinn Pumping Company ("Quinn").  Quinn failed to make the
2  required fringe benefit contributions for work performed pursuant to a collective bargaining
3  agreement Quinn had with the International Union of Operating Engineers, Local Union No. 12.
4  Pursuant to NRS 608.150, each original contractor is responsible for Quinn's unpaid fringe
5  benefit contributions for work performed by Quinn's employees on the contracts between Quinn
6  and the original contractor.

**Motion for Default Judgment**

Under Federal Rule of Civil Procedure 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Following the clerk's entry of default against the defendant under Rule 55(a), a court may enter default judgment against the defendant upon motion by the plaintiffs.  See FED. R. CIV. P. 55(b); *Playboy Enters. Int''l, Inc. v. Muller*, 314 F. Supp. 2d 1037, 1038–39 (D. Nev. 2004); *Ring Central, Inc. v. Quimby*, 711 F. Supp. 2d 1048, 1057 (N.D. Cal. 2010).  As the clerk has entered default against defendants (docs. #31, #49, #52, and #54), plaintiffs' present motion for entry of default judgment is proper.  FED. R. CIV. P. 55(b)(2).

The court looks at the following factors to determine if entering default judgment is appropriate: (1) the possibility of prejudice to the plaintiffs, (2) the merits of plaintiffs' substantive claims, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.  *Eitel v. McCool,* 782 F.2d 1470, 1471-72 (9th Cir. 1986) (*citing* 6 MOORE'S FEDERAL PRACTICE § 55.31 (3d ed. 1997)); *see Koninklijke Philips Elecs. N.V. v. KXD Tech., Inc.*, No.: 2:05-cv- 01532-RLH-GWF, 2008 U.S. Dist. LEXIS 50839, at *11–12 (D. Nev. July 1, 2008).

**I.   Prejudice to Plaintiffs**

Plaintiffs and the covered employees will be substantially prejudiced if default judgment

**James C. Mahan**
**U.S. District Judge**

- 2 -

1  is not entered.  As defendants have failed to respond to the complaint, plaintiffs "will be left
2  without a remedy if default judgment is not entered in their favor."  *See RingCentral*, 711 F.
3  Supp. 2d at 1058.  Therefore, this factor weighs in favor of entering the default.

### II.     Merits of the Claim/Sufficiency of the Complaint

The next two factors deal with whether plaintiffs have pled facts to support a claim on which they may recover.  *See PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1175–76 (C.D. Cal. 2002); *Koninklijke*, 2008 U.S. Dist. LEXIS 50839, at *12–13 (citing *Philip Morris USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494 (C.D. Cal. 2003)).  "The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true."  *See Geddes*, 559 F.2d at 560 (citing *Pope v. United States*, 323 U.S. 1, 12, (1944)); *see also* FED. R. CIV. P. 8(b)(6).

As previously mentioned, the clerk has already entered default against defendants. (Docs. #31, #49, #52, and #54).  Since the clerk's default was properly entered, the facts alleged in the complaint, specifically, the fact that defendants have failed to pay the contributions as required, are accepted as true.  Thus, the second and third factors weigh in favor of entering default judgment against defendants.

### III.    Sum of Money at Stake

Plaintiffs contend that the amount of money at stake is $36,074.18, divided among the various defendants.  As fully discussed in below, plaintiffs have demonstrated that this amount accurately represents the amount owed under ERISA, Nevada Revised Statutes, and the trust agreements.  Further, as defendants have not defended themselves in any manner or disputed the amount, the court has no basis in law or fact for concluding otherwise.  This factor favors entering default judgment against defendants.

### IV.    Possibility of a Dispute Concerning Material Facts

Defendants have failed to dispute the factual allegations in the complaint.  Further, there is substantial evidence on the record that supports plaintiffs' allegations and negates the possibility of any dispute over the facts of the case.  Therefore, the court has no grounds to

**James C. Mahan**
**U.S. District Judge**

- 3 -

dispute the legitimacy of plaintiffs' claims and is inclined to enter default judgment against defendants.

### V.     Excusable Neglect

The record does not demonstrate defendants' grounds for their failure to respond to the complaint. Therefore, the court is not inclined to determine whether defendants' failure to respond constitutes excusable neglect. This factor neither supports nor weighs against entering default judgment.

### VI.    Public Policy

Lastly, when, as here, defendants fail to defend after receiving the complaint, they have "forfeited any right to have the case heard on its merits." *See PepsiCo*, 238 F. Supp. 2d at 1177 (stating that "[d]efendant's failure to answer [p]laintiffs' [c]omplaint makes a decision on the merits impractical, if not impossible," and "termination of a case before hearing the merits is allowed whenever a defendant fails to defend an action"); *Koninklijke*, 2008 U.S. Dist. LEXIS 50839, at *19. Further, the court entering default judgment promotes the public policy of enforcing collective bargaining agreements and requiring businesses to pay necessary contributions. This factor supports a finding that entering default judgment is proper.

**Relief Sought**

Plaintiffs seek contributions, liquidated damages, and prejudgment interest from defendants due to Quinn's fringe benefit contribution delinquency. *See* 29 U.S.C. § 1132(g)(2). Quinn's delinquency is attributable to defendants under NRS 608.150. Plaintiffs also seek attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g)(2). According to Local Rule 54-16, a party requesting attorneys' fees must file a motion demonstrating the reasonableness of the award, an itemization and description of the work performed, an itemization of all costs, and an attorney affidavit. Plaintiffs have complied with the requirements of the local rules, warranting an award of attorneys' fees.

First, plaintiffs recognize that the requested attorneys' fees in this case exceed the amount of claimed delinquent contributions. (Doc. #55). Plaintiffs nevertheless assert that the requested

James C. Mahan
U.S. District Judge

- 4 -

attorneys' fees are reasonable because: (1) defendants failed to respond to the complaint, and (2) defendants refused to cooperate with plaintiffs, causing plaintiffs to perform substantial legal work to coordinate and prosecute claims against 31 named defendants.  Second, plaintiffs provided the court with records that itemize and describe the work performed by the attorneys. (Doc. #55, Ex. 3).  Third, as required by the local rules, plaintiffs filed the attorney affidavit of Nathan R. Ring (doc. #55, ex. A), which states that he reviewed the bills in this case and that "all amounts expended are reasonable in this case."  Upon reviewing the fees sought and determining their reasonableness, the court is inclined to grant attorneys' fees and costs.

**Calculating Relief**

Upon review of the motion, the court is inclined to award plaintiffs' requested relief. Thus, the court awards plaintiffs the following amounts from each defendant:

(1) Defendant All Trades Concrete Construction, Inc.
    Contributions: $793.82
    Liquidated damages: $79.38
    Prejudgment interest: $28.73
    Attorneys' fees/costs: $3,656.68
    Total: $4,558.61[1]

(2) Defendant Badger Construction
    Contributions: $83.56
    Liquidated damages: $8.36
    Prejudgment interest: $7.00
    Attorneys' fees/costs: $384.89
    Total: $483.81

(3) Carrasco Concrete, Inc.
    Contributions: $2,104.19
    Liquidated damages: $210.42
    Prejudgment interest: $126.49
    Attorneys' fees/costs: $9,692.74
    Total: $12,133.84

(4) Cook Brothers Concrete, LLC
    Contributions: $73.20
    Liquidated damages: $13.04
    Prejudgment interest: $5.68
    Attorneys' fees/costs: $361.14
    Total: $453.06

---

[1] Plaintiffs' moving papers request $4,5559.06.  This is obviously a typographical error.  The court added the requested amounts and arrived at a total of $4,558.61.

**James C. Mahan**
**U.S. District Judge**

- 5 -

(5) Hofsommer Excavating, Inc.
    Contributions: $83.56
    Liquidated damages: $8.36
    Prejudgment interest: $3.06
    Attorneys' fees/costs: $384.93
    Total: $479.91

(6) Intellecom Communications, Inc.
    Contributions: $25.51
    Liquidated damages: $6.96
    Prejudgment interest: $3.03
    Attorneys' fees/costs: $106.83
    Total: $142.33

(7) M S Concrete, Inc.
    Contributions: $793.34
    Liquidated damages: $79.33
    Prejudgment interest: $52.90
    Attorneys' fees/costs: $3,654.47
    Total: $4,580.40

(8) Olsen & Leonard Construction, Inc.
    Contributions: $330.41
    Liquidated damages: $33.04
    Prejudgment interest: $19.34
    Attorneys' fees/costs: $1,521.99
    Total: $1,904.78

(9) SJA, Inc. d/b/a Anderson Drilling
    Contributions: $1,107.80
    Liquidated damages: $110.79
    Prejudgment interest: $68.48
    Attorneys' fees/costs: $5,102.93
    Total: $6,390.00

(10) Sonora Sun Corporation
    Contributions: $104.34
    Liquidated damages: $10.43
    Prejudgment interest: $7.76
    Attorneys' fees/costs: $480.61
    Total: $603.14

(11) Stampco Concrete, Inc.
    Contributions: $906.96
    Liquidated damages: $90.69
    Prejudgment interest: $36.05
    Attorneys' fees/costs: $4,177.80
    Total: $5,211.50

. . .

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

- 6 -

1    (12) Stone Age Concrete, LLC
         Contributions: $139.12
2        Liquidated damages: $13.91
         Prejudgment interest: $8.79
3        Attorneys' fees/costs: $640.84
         Total: $802.66

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiffs Trustees of the Operating Engineers Pension Trust, et. al.'s motion for default judgment (doc. #55) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that default be entered against defendants in the amount specified in the above order, representing unpaid contributions, liquidated damages, prejudgment interest, and attorneys' fees and costs.

DATED October 20, 2011.

_____
UNITED STATES DISTRICT JUDGE