**LAQUER, URBAN, CLIFFORD & HODGE, LLP**
MICHAEL A. URBAN, Nevada State Bar No. 3875
NATHAN R. RING, Nevada State Bar No. 12078
4270 S. Decatur Blvd., Suite A-9
Las Vegas, NV 89103
Telephone: (702) 968-8087
Facsimile: (702) 968-8088
Electronic Mail: urban@luch.com, ring@luch.com
*Counsel for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| TRUSTEES OF THE OPERATING ENGINEERS PENSION TRUST; TRUSTEES OF THE OPERATING ENGINEERS HEALTH AND WELFARE FUND; TRUSTEES OF THE OPERATING ENGINEERS JOURNEYMAN AND APPRENTICE TRAINING TRUST; and TRUSTEES OF THE OPERATING ENGINEERS VACATION-HOLIDAY SAVINGS TRUST,<br><br>Plaintiffs,<br><br>vs.<br><br>ALLEN DRILLING, INC., a Nevada corporation; et. al.<br><br>Defendants. | CASE NO: 2:11-cv-00779-JCM-VCF<br><br>**APPLICATION FOR JUDGMENT DEBTOR EXAMINATION OF CESAR CARRASCO, OFFICER OF JUDGMENT DEBTOR, CARRASCO CONCRETE, INC.** |

Plaintiffs hereby request an Order directing the appearance of Judgment Debtor CARRASCO CONCRETE, INC. through its sole officer, CESAR CARRASCO (hereinafter "Mr. Carrasco"), and an Order directing the production of certain documents subject to the ownership and control of Carrasco Concrete, Inc. and Mr. Carrasco.

/ / /

/ / /

/ / /

1

1 This application is supported by the attached Memorandum of Points and Authorities; Declaration of Nathan R. Ring, attached hereto as **Exhibit 1;** and the proposed Order, attached hereto as **Exhibit 2**.

Dated: February 10, 2016         **LAQUER, URBAN, CLIFFORD & HODGE, LLP**

*/s/ Nathan R. Ring*
Michael A. Urban, Esq., Nevada State Bar No. 3875
Nathan R. Ring, Esq., Nevada State Bar No. 12078
4270 S. Decatur Blvd., Suite A-9
Las Vegas, Nevada 89103
Telephone: (702) 968-8087
Electronic Mail: urban@luch.com
                  ring@luch.com
***Counsel for Plaintiffs/Judgment Creditors***

**MEMORANDUM OF POINTS AND AUTHORITIES**

Rule 69 of the Federal Rules of Civil Procedure provides that "[i]n aid of the judgment or execution, the judgment creditor … may obtain discovery from any person—including the judgment debtor." Fed. R. Civ. P. 69(a)(2). As this Court has noted, Rule 69 "permits discovery from the judgment debtor and/or third persons." *Montgomery v. Etreppid Technologies, LLC*, 2009 WL 465941, *1 (D. Nev. Feb. 25, 2009) (citing *Danning v. Lavine*, 572 F.2d 1386, 1389-90 (9th Cir. 1978)); *1st Technology, LLC v. Rational Enterprises LTDA*, 2007 WL 5596692, *4 (D. Nev. 2007)).

### A.   Judgment Creditors Are Entitled to a Judgment Debtor Examination.

Pursuant to Rule 62 of the Federal Rules of Civil Procedure, proceedings to enforce a money judgment may be initiated once 14 days have passed since the entry of judgment, unless the judgment debtor has obtained a stay by posting a supersedeas bond. Fed R. Civ. P. 62(d). More than 14 days have passed since judgment was entered, no supersedeas bond is on file, and no one has sought a stay of execution. Ring Decl. ¶ 2.  Accordingly, the Judgment Creditors may proceed.

Rule 69(a)(2) provides that a judgment creditor "may obtain discovery from any person—including the judgment debtor—as provided in these rules or by the procedure of the state where the court is located." Fed. R. Civ. P. 69(a)(2); *see also El Salto S.A. v. PSG Co.*, 444 F.2d 477, 484 n.3 (9th Cir.), *cert. denied*, 404 U.S. 940 (1971) ("a judgment creditor proceeding under Rule 69(a) may utilize either State practice or the federal rules for taking depositions").

Under Nevada procedure, the Judgment Creditors are entitled to a debtor examination. NRS 21.270 states a judgment creditor, at any time after the judgment is entered, is "entitled to an order from the judge of the court requiring the judgment debtor to appear and answer upon oath or affirmation concerning his or her property" at an examination either before (1) the judge or master appointed by the judge or (2) an attorney representing the judgment creditor. Nev. Rev. Stat. § 21.270(1). The statute further states that no judgment debtor may be required to appear outside the county in which the judgment debtor resides. *Id.* This requirement is met since the Judgment Debtor's address is in Clark County, which is the same county wherein this Court is located. Ring Decl. ¶ 3.

**B.  The Debtor Examination Should Proceed Before a Magistrate.**

A Judgment Debtor Examination is necessary to enable Judgment Creditors to discover any and all real and personal property, vehicles, assets, accounts, etc., of Judgment Debtor and facts relating thereto, which may assist in potential executions to satisfy the Judgment.  NRS 21.270 entitles Judgment Creditors to an examination before either the Court or an attorney. Local Rule IB 1-9(k) "authorizes this court to conduct judgment debtor examinations and to preside over proceedings to enforce civil judgments." *Montgomery* at *1.  Additionally, Local Rule IB 1-9(n) gives a magistrate judge the authorization to preside over proceedings to enforce civil judgments.

Because NRS 21.270 allows two options in proceeding for a judgment debtor examination, Judgment Creditors will take this opportunity to explain its proposed order attached hereto.  If the Judgment Debtor is required to appear before any person other than a judge or master, the proceedings must be transcribed by a court reporter or recorded electronically. NRS 21.270(2).  The cost for this will be borne by the Judgment Creditors.  For this reason, Judgment Creditors desire to allow the Court the option to require the appearance of the Judgment Debtor to be sworn in before the Court, thus obviating the need and expense to transcribe or record the testimony.  Additionally, it is counsel's collective experience that each Magistrate Judge in this Court handles the administration of judgment debtor examinations differently, some Magistrates will allow debtors to be sworn in court and allow the parties to retire to another location to conduct the examination, and other Magistrates will not swear in debtors before the Court. Ring Decl. ¶ 5. For this reason, the proposed order contains two blanks for the Judgment Debtor's appearance to allow the Court to exercise its discretion in deciding how best to conduct the debtor examination. The first blank would be to require the appearance in Court to be sworn, and the second blank would be to require appearance at Judgment Creditors' counsel's law office to submit for examination.

Accordingly, Judgment Creditors respectfully request that the swearing in for the examination take place before a Magistrate Judge, with the parties allowed to retire to Judgment Creditors' counsel's law office to conduct the examination.  This process will save the parties in not having a court reporter required to transcribe the examination.

/ / /

### C. Judgment Debtor Should Be Ordered to Produce Documents Necessary to Identify and Verify Assets and Liabilities.

Judgment Creditors additionally request an order requiring production of relevant documents to enable them to pursue execution and collection of the judgment. "The scope of post-judgment discovery is broad, 'the judgment creditor must be given the freedom to make a broad inquiry to discover hidden or concealed assets of the judgment debtor.'" *British Intern. Ins. Co., Ltd. v. Seguros La Republica, S.A.* 200 F.R.D. 586, 589 (W.D. Tex. 2000) (quoting *Caisson Corp. v. County West Building Corp.*, 62 F.R.D. 331, 334 (E.D. Pa. 1974)). Accordingly, an order for the production of documents in aid of execution is appropriate in this matter.

### D. Conclusion

For the reasons stated above, pursuant to Rule 69 of the Federal Rules of Civil Procedure, NRS 21.270, and Local Rules IB 1-9(k), (n), Judgment Creditors respectfully request that this Court issue its Order for Judgment Debtor Examination with Judgment Debtor to be sworn in before a Magistrate Judge, and thereafter, allow the parties to retire to another location to conduct the examination, as well as an order requiring the Judgment Debtor to produce the documents listed in the proposed order.

DATED: February 10, 2016         **Respectfully submitted,**

**LAQUER, URBAN, CLIFFORD & HODGE LLP**

*/s/ Nathan R. Ring*
Michael A. Urban, Esq., Nevada State Bar No. 3875
Nathan R. Ring, Esq., Nevada State Bar No. 12078
4270 S. Decatur Blvd., Suite A-9
Las Vegas, Nevada 89103
Telephone: (702) 968-8087
Electronic Mail: urban@luch.com
                 ring@luch.com
*Counsel for Plaintiffs/Judgment Creditors*

# EXHIBIT 1

**LAQUER, URBAN, CLIFFORD & HODGE, LLP**
MICHAEL A. URBAN, Nevada State Bar No. 3875
NATHAN R. RING, Nevada State Bar No. 12078
4270 S. Decatur Blvd., Suite A-9
Las Vegas, NV 89103
Telephone: (702) 968-8087
Facsimile: (702) 968-8088
Electronic Mail: urban@luch.com, ring@luch.com
*Counsel for Plaintiffs*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| TRUSTEES OF THE OPERATING ENGINEERS PENSION TRUST; TRUSTEES OF THE OPERATING ENGINEERS HEALTH AND WELFARE FUND; TRUSTEES OF THE OPERATING ENGINEERS JOURNEYMAN AND APPRENTICE TRAINING TRUST; and TRUSTEES OF THE OPERATING ENGINEERS VACATION-HOLIDAY SAVINGS TRUST,<br><br>Plaintiffs,<br><br>vs.<br><br>ALLEN DRILLING, INC., a Nevada corporation; et. al.<br><br>Defendants. | CASE NO: 2:11-cv-00779-JCM-VCF<br><br>**DECLARATION OF NATHAN R. RING IN SUPPORT OF APPLICATION FOR JUDGMENT DEBTOR EXAMINATION OF CESAR CARRASCO, OFFICER OF JUDGMENT DEBTOR, CARRASCO CONCRETE, INC.** |

**DECLARATION OF NATHAN R. RING**

I, NATHAN R. RING, declare and state as follows:

1. I am a member of the Bar of this Court and attorney of record for the Judgment Creditors in the above-captioned action.

/ / /

/ / /

1

2. Judgment was entered herein on October 27, 2011, in the amount of Twelve Thousand One Hundred Thirty-Three Dollars and Eighty-Four Cents ($12,133.84), in favor of Plaintiffs and against Defendant, Carrasco Concrete, Inc. This judgment has not been vacated, set aside or reversed and the amount of Twelve Thousand One Hundred Thirty-Three Dollars and Eighty-Four Cents ($12,133.84), exclusive of interest and costs, remains owing and unpaid. There is no stay of execution and execution may properly be issued on this judgment.

3. Mr. Cesar Carrasco is believed to reside at 135 Shady Cove Street, Searchlight, Nevada 89046.

4. An Order scheduling an examination of Mr. Carrasco as an officer of the judgment debtor, Carrasco Concrete, Inc. and requiring production of documents by Mr. Carrasco is necessary to pursue collection of the judgment. Plaintiffs were granted an Order for Judgment Examination of Cesar Carrasco on July 2, 2013; however, due to settlement negotiations the examination was canceled. [Dkt. 98, 104]. No settlement of the judgment was ever reached.

5. I estimate the time for the examination in this matter will be approximately three hours. The subject of this examination will be the location and identification of all assets of Carrasco Concrete, Inc., and all debts and obligations owed to Carrasco Concrete, Inc. In addition to the appearance of Mr. Carrasco, the current financial statements and records and recent past financial statements and records of Carrasco Concrete, Inc. are necessary for a complete examination to be conducted.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this declaration was executed on February 9, 2016, in Las Vegas, Nevada.

_____
NATHAN R. RING, ESQ.

2

# EXHIBIT 2

**LAQUER, URBAN, CLIFFORD & HODGE, LLP**
MICHAEL A. URBAN, Nevada State Bar No. 3875
NATHAN R. RING, Nevada State Bar No. 12078
4270 S. Decatur Blvd., Suite A-9
Las Vegas, NV 89103
Telephone: (702) 968-8087
Facsimile: (702) 968-8088
Electronic Mail: urban@luch.com, ring@luch.com
*Counsel for Plaintiffs*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| TRUSTEES OF THE OPERATING ENGINEERS PENSION TRUST; TRUSTEES OF THE OPERATING ENGINEERS HEALTH AND WELFARE FUND; TRUSTEES OF THE OPERATING ENGINEERS JOURNEYMAN AND APPRENTICE TRAINING TRUST; and TRUSTEES OF THE OPERATING ENGINEERS VACATION-HOLIDAY SAVINGS TRUST,<br><br>Plaintiffs,<br><br>vs.<br><br>ALLEN DRILLING, INC., a Nevada corporation; et. al.<br><br>Defendants. | CASE NO: 2:11-cv-00779-JCM-VCF<br><br>**ORDER FOR JUDGMENT DEBTOR EXAMINATION OF CESAR CARRASCO, OFFICER OF JUDGMENT DEBTOR, CARRASCO CONCRETE, INC.** |

Having considered Plaintiffs' Application for Judgment Debtor Examination of Cesar Carrasco, Officer of Judgment Debtor, Carrasco Concrete, Inc., and the Declaration of Nathan R. Ring and good cause appearing,

**IT IS HEREBY ORDERED** that Defendant/Judgment Debtor Carrasco Concrete, Inc. appear through its officer Cesar Carrasco in Courtroom 3D at the United States Courthouse for the District of Nevada, located at 333 Las Vegas Blvd. South, Las Vegas, Nevada 89101, on the 12th day of April, 2016 at 11:00 a.m. to be sworn in for a Judgment Debtor Examination,

1

1    **IT IS FURTHER ORDERED** that Cesar Carrasco, Officer of Judgment Debtor Carrasco Concrete, appear at the offices of Laquer, Urban, Clifford & Hodge, LLP located at 4270 S. Decatur Blvd., Suite A-9, Las Vegas, Nevada, on the 12th day of April, 2016, at 1:00 p.m., and answer concerning property subject to the ownership and control of Carrasco Concrete, Inc. (hereinafter "the Company").

**IT IS FURTHER ORDERED** that Cesar Carrasco and/or the Company shall produce at the offices of Laquer, Urban, Clifford & Hodge, LLP located at 4270 S. Decatur Blvd., Suite A-9, Las Vegas, Nevada, all of the following documents and things under his control, the Company's control, or under control of its agents for inspection and copying no less than **two (2) weeks prior** to the date set for the Judgment Debtor Examination:

1. All financial statements, including supporting schedules, compiled, reviewed, or audited for, on behalf of, or in connection with the Company from January 1, 2014, to the present.

2. All original monthly bank statements of the Company from January 1, 2014, to the present.

3. All original savings accounts pass books, certificates of deposit, and trust certificates in the name of the Company from January 1, 2014, to the present.

4. All original negotiable instruments and negotiable securities in the name of the Company from January 1, 2014, to the present.

5. All evidence or other memoranda of any ownership interest of the Company in any other corporation, partnership, unincorporated association or any business organized or conducted for the production of income from January 1, 2014 to the present.

6. All evidence or other memoranda of any income received by the Company from January 1, 2014, to the present, to include but not limited to tax returns, insurance proceeds, or repayment of loans.

7. All evidence or other memoranda of any employer, or place of work or employment of the Company from January 1, 2014, to the present, including but not limited to contracts, invoices, billings, vouchers or payments.

     8.     All evidence of any ownership interest of the Company to include but not limited to, bills of sale, pink slips or any other record or title, in any motor vehicle, airplane, boat, equipment or machinery, from January 1, 2014, to the present.

     9.     All evidence of any debts or repayments owed by the Company, to include but not limited to, those arising from loans or judgments from January 1, 2014, to the present.

     10.     Any and all evidence or other memoranda indicating that the Company was either a plaintiff or a defendant in any lawsuit from January 1, 2014, to the present.

     11.     Any and all evidence or memoranda indicating that the Company received any judgment, award, bequest or devise in any lawsuit or other court action from January 1, 2014, to the present.

     12.     Any and all evidence or memoranda indicating any ownership interest of the Company in any patent, invention, trade name, or copyright.

     13.     Any and all evidence or memoranda indicating an ownership interest of the Company in any real property or developments on real property.

     14.     Any and all evidence of the sale(s) of any real or personal property of the Company from January 1, 2011, to the present.

     15.     Any and all loan applications filled out by the Company since January 1, 2014.

     16.     Copies of all documents evidencing the sale or transfer of any assets of the Company from January 1, 2014, to the present.

     17.     Any and all documents evidencing any federal or State tax liability of the Company from January 1, 2014 to the present.

     18.     Original cash disbursement journals and/or check registers maintained in connection with the Company from January 1, 2014, to the present.

     19.     All federal income tax returns, including all supporting schedules prepared or filed for, or on behalf of, the Company for the year 2013 to the present.

     20.     All daily job logs, diaries or foreman reports of the Company from January 1, 2014, to the present.

     21.     All daily job tickets or invoices of the Company from January 1, 2014, to the present.

///

22. All accounts receivable reports for the Company for the period of January 1, 2014, to the present.

23. All canceled checks drawn on any account established in the name of the Company from January 1, 2014, to the present.

## NOTICE TO JUDGMENT DEBTOR

**IF YOU FAIL TO APPEAR AT THE TIME AND PLACE SPECIFIED IN THIS ORDER, YOU MAY BE SUBJECT TO ARREST AND PUNISHMENT FOR CONTEMPT OF COURT AND THE COURT MAY MAKE AN ORDER REQUIRING YOU TO PAY REASONABLE ATTORNEY'S FEES INCURRED BY THE JUDGMENT CREDITORS IN THIS PROCEEDING.**

Dated this  12th  of  February , 2016

_____
UNITED STATES MAGISTRATE JUDGE

Submitted By:

**LAQUER, URBAN, CLIFFORD & HODGE, LLP**

*/s/ Nathan R. Ring*
MICHAEL A. URBAN, Nevada State Bar No. 3875
NATHAN R. RING, Nevada State Bar No. 12078
4270 S. Decatur Blvd. Suite A-9
Las Vegas, NV  89103
(702) 968-8087
*Counsel for Plaintiffs*

4